IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| National Farmers Union Property & Casualty Company, | ) ) ) |
| Plaintiff, | ) ) **ORDER** |
| vs. | ) ) |
| Michael Prochnow, Prochnow Farms, and Torrey Kath, | ) ) ) Case No. 3:20-cv-143 |
| Defendants, | ) ) |
| and | ) ) |
| Michael Prochnow, and Prochnow Farms, | ) ) |
| Defendants and Third-Party Plaintiffs, | ) ) ) |
| vs. | ) ) |
| Farmers Union Mutual Insurance Company, and Kyle DeVries, | ) ) ) |
| Third-Party Defendants. | ) |

Pending before the Court are two motions for summary judgment – one filed by Plaintiff National Farmers Union Property & Casualty Company ("National Farmers") on August 19, 2021 (Doc. No. 44), and the other filed by Third-Party Defendant Farmers Union Mutual Insurance Company ("Farmers Union") on August 11, 2021 (Doc. No. 40). Defendants Michael Prochnow ("Prochnow") and Prochnow Farms ("Prochnow Farms") (together, "Prochnow") and Third-Party Defendant Kyle DeVries ("DeVries") filed responses to each motion. See Doc. Nos. 56, 58, 51, 54. Defendant Torrey Kath ("Kath") joined Prochnow and DeVries in opposition to both summary judgment motions. See Doc. Nos. 59, 64.

For the reasons below, National Farmers' motion is granted. As a result, Farmers Union's motion is denied as moot, as the Court declines to continue exercising supplemental jurisdiction over Prochnow's third-party complaint and Farmers Union's counterclaim and dismisses the third-party complaint and counterclaim without prejudice.

I.    **FACTUAL BACKGROUND**

This case involves an insurance coverage dispute that originates from a May 2, 2018, incident where Kath sustained personal injuries. An introduction of the parties is necessary from the outset. National Farmers is a Colorado insurance company that is authorized to issue insurance policies in the State of North Dakota. Doc. No. 7, ¶ 3. Prochnow is a North Dakota resident, and Prochnow Farms is a North Dakota business entity and farming operation. Id. ¶¶ 4, 5. Prochnow is the owner of Prochnow Farms. Id. ¶ 5. Kath is a North Dakota resident, who worked for Prochnow and his farm operation. Id. ¶¶ 8, 12.

As it relates to the Farmers Union motion, Farmers Union is a North Dakota insurance company that is authorized to issue insurance policies in the State of North Dakota. Doc. No. 26, ¶ 3. DeVries is an insurance agent who conducts business in North Dakota and is an insurance agent for National Farmers and Farmers Union. Id. ¶¶ 4, 9.

A.    **The Policies.**

As a part of Prochnow's farming operation, he purchased certain insurance policies, including one policy with National Farmers and one policy with Farmers Union. National Farmers insured Prochnow under a commercial automobile policy, policy number 1PA3321041 (the "National Farmers Policy"), with a policy period providing coverage from April 27, 2018, through April 27, 2019. Doc. No. 1-4, p. 1. The National Farmers Policy states:

**PART I – LIABILITY**

**COVERAGE A – LIABILITY COVERAGE**

> We will pay damages for which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of a car or utility trailer.
>
> Damages include prejudgment interest awarded against an insured person.
>
> We will defend any suit or settle any claim for these damages, as we think appropriate. We will not defend or settle, however, after our limit of liability for this coverage has been reached. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

Id. at 17. In relevant part, the National Farmers Policy also has several exclusions, including an exclusion for bodily injury to an employee:

> **EXCLUSIONS**
>
> This coverage does not apply to:
>
> * * *
>
> (4) Bodily injury to an employee of an insured person arising in the course of employment. Coverage, however, does apply to a domestic employee unless benefits are payable or are required to be provided for the domestic employee under a workers' compensation law or similar law.

Id. at 18 (the "Employee Injury Exclusion"). The National Farmers Policy also contains an endorsement for Personal Injury Protection (the "PIP Endorsement"), consistent with North Dakota law. The PIP Endorsement states:

> We agree with you, subject to the provisions of this endorsement and to the provisions of the policy, except as changed by this endorsement, as follows:
>
> **SECTION I – PERSONAL INJURY PROTECTION COVERAGE**
>
> We will pay, in accordance with the North Dakota Auto Accident Reparations Act, personal injury protection benefits for:

> (a) medical expenses,
> (b) rehabilitation expenses,
> (c) work loss,
> (d) replacement services loss,
> (e) survivors income loss,
> (f) survivors replacement services loss, and
> (g) funeral expenses
>
> incurred with respect to bodily injury sustained by an eligible injured person and caused by an accident arising out of the operation, maintenance or use of a motor vehicle as a vehicle.

Id. at 10.

Farmers Union, on the other hand, insured Prochnow under a Farm and Ranch Package Policy, policy number 33-136497-07-1001-04 (the "Farmers Union Policy"), with a policy period providing coverage from April 27, 2018, to April 27, 2019. Doc. No. 42-1. The Farmers Union Policy also included a Farm Employers' Liability and Farm Employees' Medical Payments Insurance endorsement, effective April 27, 2018 (the "Farm Employee Endorsement"). Id. The Farm Employee Endorsement covers bodily injuries sustained by farm employees arising out of and in the course of the farm employee's employment. Id.

### B.    The Incident, Kath's Injuries, and the State Court Action.

The parties largely agree on the underlying facts that led to Kath's injuries, but dispute which policy, if any, provides coverage for Kath's injuries. As noted above, Kath was an employee of Prochnow and worked for him and his farm operation as a farmhand. Doc. No. 46-1 at 21:20-22. He performed various tasks around the farm and the maintenance shop and considered himself a "main mechanic." Id. at 23. Kath, among other things, worked on vehicles, machines, and equipment for the farm, including trailers. Id.

On May 2, 2018, while working, Prochnow asked Kath to go under a vehicle to set the brakes on a trailer. Id. at 22-28. As Kath was working under the vehicle, setting the brakes, Prochnow got into the driver's seat and began moving the truck and trailer in reverse. Id. at 30-44.

4

Prochnow then proceeded to drive the truck with the trailer attached some distance, with Kath stuck under the trailer as it moved. Id. As a result, Kath suffered serious injuries. Id.

Following the incident, in August 2019, Kath commenced a personal injury action against Prochnow and Prochnow Farms in North Dakota state court (the "State Court Action"). Doc. No. 1-1. In the State Court Action, Kath alleged Prochnow and Prochnow Farms were liable for his personal injuries resulting from the May 2, 2018, incident. Id. Prochnow tendered the claims to National Farmers and Farmers Union. Both insurance companies, however, denied coverage under the applicable policies. See Doc. No. 1-2 (as to National Farmers).

C.     **The Federal Action and Procedural Posture.**

National Farmers filed its amended complaint for declaratory judgment against Prochnow and Kath on October 29, 2020.[1] Doc. No. 7. In the amended complaint, National Farmers seeks a determination that the National Farmers Policy does not provide coverage to Prochnow with respect to the claims and allegations in the State Court Action. National Farmers asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between National Farmers, on the one hand, and Prochnow, Prochnow Farms, and Kath, on the other. Id. ¶ 10.

Prochnow, invoking only supplemental jurisdiction[2] and asserting the Court has "subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367," filed a third-party complaint against DeVries and Farmers Union on February 22, 2021. Doc. No. 26. Farmers Union answered and filed a third-party counterclaim[3] and a declaratory judgment action against Prochnow, seeking

---

[1] National Farmers filed its original complaint on August 10, 2020. Doc. No. 1.

[2] As pleaded, there is a lack of complete diversity of citizenship between Prochnow and Prochnow Farms, on the one hand, and Farmers Union and DeVries, on the other.

[3] The counterclaim is silent as to subject matter jurisdiction.

a determination that the Farmers Union Policy provides no coverage to Prochnow with respect to Kath's injuries. Doc. No. 31.

As noted above, National Farmers moves for summary judgment on all counts of its amended complaint, arguing the Employee Injury Exclusion of the National Farmers Policy precludes coverage. Doc. No. 45. Similarly, Farmers Union moves for summary judgment on its Policy, arguing the motor vehicle exclusion in the Farmers Union Policy precludes coverage. Doc. No. 41. The Court addresses National Farmers' motion first, then Farmers Union's motion.

**II.     LEGAL STANDARD AND ANALYSIS**

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is 'genuine' if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party." Schilf v. Eli Lilly & Co., 687 F.3d 947, 948 (8th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" Dick v. Dickinson State Univ., 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting Anderson, 477 U.S. at 248). Courts must afford "the nonmoving party the benefit of all reasonable inferences which may be drawn without resorting to speculation." TCF Nat'l Bank v. Mkt. Intelligence, Inc., 812 F.3d 701, 707 (8th Cir. 2016) (quoting Johnson v. Securitas Sec. Servs. USA, Inc., 769 F.3d 605, 611 (8th Cir. 2014)). "At summary judgment, the court's function is not to weigh the evidence and determine the truth of the matter itself, but to determine whether there is a genuine issue for trial." Nunn v. Noodles & Co., 674 F.3d 910, 914 (8th Cir. 2012) (citing Anderson, 477 U.S. at 249). If the movant demonstrates the absence of a genuine issue of material fact, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must

come forward with 'specific facts showing that there is a genuine issue for trial.'" Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

The parties agree North Dakota law controls. Under North Dakota law, "[i]nsurance policy interpretation is a question of law." Forsman v. Blues, Brews & Bar-B-Ques, Inc., 2017 ND 266, ¶ 10, 903 N.W.2d 524 (citing K & L Homes, Inc. v. Am. Fam. Mut. Ins. Co., 2013 ND 57, ¶ 8, 829 N.W.2d 724). The North Dakota Supreme Court has consistently explained its approach to interpreting insurance policies this way:

> We look first to the language of the insurance contract, and if the policy language is clear on its face, there is no room for construction. If coverage hinges on an undefined term, we apply the plain, ordinary meaning of the term in interpreting the contract. While we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage. We will not strain the definition of an undefined term to provide coverage for the insured. We construe insurance contracts as a whole to give meaning and effect to each clause, if possible. The whole of a contract is to be taken together to give effect to every part, and each clause is to help interpret the others.

Borsheim Builders Supply, Inc. v. Manger Ins., Inc., 2018 ND 218, ¶ 8, 917 N.W.2d 504 (cleaned up). The basic task is to determine if the insurance policy's affirmative coverage provisions apply, and if so, to then look at whether any exclusions bar coverage. "It is axiomatic that the burden of proof rests upon the party claiming coverage under an insurance policy." Forsman, 2017 ND 266, ¶ 12, 903 N.W.2d 524 (citation omitted). "If and only if a coverage provision applies to the harm at issue will the court then examine the policy's exclusions and limitations of coverage." Borsheim Builders, 2018 ND 218, ¶ 9, 917 N.W.2d 504 (citation omitted).

A. **National Farmers' Policy and Motion for Summary Judgment**

In its motion, National Farmers asserts it is entitled to summary judgment because the Employee Injury Exclusion bars coverage for Kath's injuries. Prochnow and DeVries disagree.

7

DeVries asserts the Employee Injury Exclusion does not apply because Kath was a "domestic employee," while Prochnow argues the Policy's PIP Endorsement provides coverage. Based on the plain language of the Policy and the undisputed facts, the Court agrees with National Farmers.

As a threshold matter, "[i]n interpreting an insurance policy, this Court first examines its coverages before examining its exclusions." See Borsheim Builders, 2018 ND 218, ¶ 9, 917 N.W.2d 504. Here, neither party disputes that, as an initial matter, the National Farmers Policy provides coverage, and the Court agrees. Indeed, the National Farmers Policy states:

**PART I – LIABILITY**

**COVERAGE A – LIABILITY COVERAGE**

> We will pay damages for which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of a car or utility trailer.

Doc. No. 1-4, p. 17. Accordingly, the National Farmers Policy provides initial coverage for the bodily injuries to Kath, which arose from the use and maintenance of a truck and trailer.

Having found initial coverage under the National Farmers Policy, the Court will next consider whether the Employee Injury Exclusion applies and whether it excludes coverage for Kath's injuries as alleged in the State Court Action. The Employee Injury Exclusion states:

> This coverage does not apply to:
>
> \*\*\*
>
> (4) Bodily injury to an employee of an insured person arising in the course of employment. Coverage, however, does apply to a domestic employee unless benefits are payable or are required to be provided for the domestic employee under a workers' compensation law or similar law.

Id. at 18. National Farmers argues that the Employee Injury Exclusion applies and excludes coverage because Kath was an employee. Conversely, DeVries argues the exclusion does not apply as the "domestic employee" language is ambiguous, and even if the language is not ambiguous,

that Kath qualifies as a "domestic employee." The Court disagrees with DeVries on both arguments.

"An ambiguity exists when good arguments can be made for two contrary positions about the meaning of a term in a document." Ctr. Mut. Ins. Co. v. Thompson, 2000 ND 192, ¶ 14, 618 N.W.2d 505 (quoting Fisher v. Am. Fam. Mut. Ins. Co., 1998 ND 109, ¶ 5, 579 N.W.2d 599). "The absence of a definition in and of itself does not establish ambiguity." Id. at ¶ 15 (cleaned up). "When an insurance policy fails to define a term, we often turn to the dictionary to determine the plain, ordinary meaning of that term." Id. (quoting Dundee Mut. Ins. Co. v. Marifjeren, 1998 ND 222, ¶ 14, 587 N.W.2d 191).

Here, the National Farmers Policy does not define the term "domestic employee." Nevertheless, the Eighth Circuit Court of Appeals has concluded that "a 'domestic employee' is commonly understood to be a household servant." See United Fire & Cas. Co. v. Gravette, 182 F.3d 649, 655 (8th Cir. 1999). "The primary definition of 'domestic' as a noun is 'a domestic worker; maid, cook, butler, etc.'" Id. (citing Webster's New 20th Century Dictionary 543 (2d ed. 1979)). Additionally, under North Dakota law, in the context of workers compensation law, a "domestic employee" is "engaged in household or domestic work performed principally inside the residence. This would include a cook, housekeeper, laundry worker, maid, butler, companion, or babysitter." N.D. Workforce Safety & Ins., 2018 Classification Manual (original emphasis removed); see also Spectrum Care, LLC v. Workforce Safety & Ins., 2004 ND 229, ¶ 9, 690 N.W.2d 233 (describing 2002 definition of "9002 Domestics"). Notably and importantly, the North Dakota definition of "domestic employee" specifically excludes farm activities. Id. Moreover, other courts have routinely recognized that "domestic employee" is generally accepted and understood to mean one who performs services in a private home. See Richoux v. Callais & Sons,

Inc., Civ. A. No. 85–4161, 1987 WL 10457, at *3 (E.D. La. May 6, 1987) (holding "the term 'domestic employee' is unambiguous and carries its generally accepted meaning of one who performs services of a household nature in or about a private home"); Spain v. Travelers Ins. Co., 332 So.2d 827, 829–30 (La. 1976) (similar domestic employee exclusion is not ambiguous). Given the precedent and well understood definition, the term "domestic employee", as used in this particular Policy, does not create ambiguity as to the Employee Injury Exclusion.

Additionally, Kath does not qualify as a "domestic employee" under the facts of this case. Here, none of the material facts in this case indicate Kath was a "domestic employee," as that term is generally accepted to be understood. Rather, the undisputed facts show that Kath was instead an employee. For instance, in his deposition, Kath answered in the affirmative that he was a "farmhand." Doc. No. 46-1 at 21:20-22. Indeed, Kath was hired as a farmhand, did mechanical work, and performed general farm work for Prochnow. Moreover, there is no dispute that Kath suffered bodily injuries arising in the course of his employment with Prochnow. Accordingly, per its plain language and the undisputed material facts, the Employee Injury Exclusion applies. See Doc. No. 1-4, p. 18. As a result, the National Farmers Policy plainly excludes coverage for Kath's bodily injuries arising in the course of his employment with Prochnow.

Prochnow presents an alternative argument and path to coverage under the National Farmers Policy. As posited by Prochnow, coverage for Kath's injuries exists under the PIP Endorsement. The Court disagrees. Based on its plain language, the PIP Endorsement provides coverage "in accordance with the North Dakota Auto Accident Reparations Act." Id. at 12. The North Dakota Auto Accident Reparations Act is North Dakota's no-fault statute, intended to "avoid protracted litigation over issues of fault or causation by removing the bulk of

10

motor vehicle accidents from the tort system." Haff v. Hettich, 1999 ND 94, ¶ 33, 593 N.W.2d 383 (N.D. 1999).

To start, the Court notes that Kath's deposition testimony suggests that he has previously recovered the maximum allowable no-fault benefits under North Dakota law, though the source of the payments is not clear from the testimony. See Doc. No. 46-1, p. 63. This testimony is consistent with his claims (or lack thereof) in the State Court Action, where Kath did not assert a claim for recovery of no-fault benefits consistent with the North Dakota Auto Accident Reparations Act. Instead, in the State Court Action, Kath asserted fault-based claims, including negligence, among others, against Prochnow and Prochnow Farms. As such, based on the specific facts of this case, the Court declines to adopt Prochnow's interpretation of the PIP Endorsement, which risks broadening no-fault coverage to liability coverage, even though the plain language of the PIP Endorsement limits the coverage to compliance with the North Dakota Auto Accident Reparations Act. Accordingly, the Court finds that the PIP Endorsement does not provide coverage to Prochnow for Kath's injuries and claims as alleged in the State Court Action.

In sum, there are no genuine issues of material fact, and the Court finds as a matter of law that coverage for Kath's bodily injuries is excluded under the National Farmers Policy per the plain language of the Employee Injury Exclusion. Because the Exclusion applies, the National Farmers Policy does not provide coverage to Prochnow for the claims asserted in the State Court Action, and National Farmers has no duty to defend or indemnify Prochnow for the claims asserted in the State Court Action. Moreover, the Court finds as a matter of law that the PIP Endorsement does not provide coverage for Kath's injuries as alleged in the State Court Action. Accordingly, National Farmers' motion for summary judgment is granted.

11

### B. Prochnow's Third-Party Complaint and Farmers Union's Motion for Summary Judgment

Prochnow's third-party complaint seeks declaratory relief against Farmers Union, alleging the Farmers Union Policy provides coverage to Prochnow for Kath's injuries. Farmers Union responded and asserted a counterclaim and declaratory action against Prochnow, asserting that coverage is not available. Notably, Prochnow's third-party complaint and Farmers Union's counterclaim are added to National Farmers' main and lead complaint and is before this Court only under supplemental jurisdiction. Indeed, Prochnow's third-party complaint only pleads subject matter jurisdiction "pursuant to 28 U.S.C. § 1367" and Farmers Union's counterclaim is silent as to subject matter jurisdiction. See Doc. Nos. 26, 31. Importantly as well, there is a lack of complete diversity of citizenship between Prochnow and Prochnow Farms, on the one hand, and Farmers Union and DeVries, on the other. Although the parties have undertaken some limited discovery and Farmers Union has moved for summary judgment, no claims over which the Court has original jurisdiction remain and therefore the Court may choose whether to exercise supplemental jurisdiction over these state-law claims. 28 U.S.C. § 1367(c); see also Grinell Mut. Reinsurance Co. v. Moon, 845 F. Supp. 2d 989 (2012).

When all federal claims are eliminated before trial, the balance of the factors to be considered in deciding whether to exercise supplemental jurisdiction over state-law claims typically weighs against exercising jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). Nothing in this case convinces the Court that it should deviate from that principle. Additionally, it appears the Court lacks subject matter jurisdiction, given the lack of complete diversity of citizenship following resolution of National Farmers' motion. Accordingly, with no federal claim remaining, the Court declines to continue exercising

supplemental jurisdiction over Prochnow's third-party complaint and Farmers Union's counterclaim and dismisses both without prejudice. Accordingly, Farmers Union's motion for summary judgment (Doc. No. 40) is denied as moot.

### III. **CONCLUSION**

In conclusion, no genuine issues of material fact remain, and National Farmers is entitled to judgment as a matter of law. The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons above, National Farmers' motion for summary judgment (Doc. No. 44) is **GRANTED**. The Court further **ORDERS** and **DECLARES** as follows:

1. National Famers has no duty to defend Prochnow and Prochnow Farms under the National Farmers Policy against the claims asserted in the State Court Action; and,

2. National Farmers has no duty to indemnify Prochnow and Prochnow Farms under the National Farmers Policy for any liability to Kath in the State Court Action; and,

3. Kath is not entitled to recover under the National Farmers Policy for the claims asserted against Prochnow and Prochnow Farms in the State Court Action.

Additionally, because the Court declines to continue exercising supplemental jurisdiction, Prochnow's third-party complaint (Doc. No. 26) and Farmers Union's counterclaim (Doc. No. 31) are **DISMISSED WITHOUT PREJUDICE**, and Farmers Union's motion for summary

judgment (Doc. No. 40) is **DENIED AS MOOT**.

      **IT IS SO ORDERED**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 30th day of March, 2022.

                                              */s/ Peter D. Welte*
                                              Peter D. Welte, Chief Judge
                                              United States District Court